FILED by _____ D.C.
ELECTRONIC

**JUNE 30, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ELVIA REAL,
Plaintiff.
vs.

CASE # **08-CV-21862-Altonaga-Brown**

MICHAEL SERRUYA
ORNA SERRUYA
Defendants.

_____/

## COMPLAINT

COME NOW THE Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216 and the Florida Constitution.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendants reside in Miami and regularly transacts business within Dade County. Upon information and belief, the Defendants were the employer for the Plaintiff for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

## FEDERAL STATUTORY VIOLATION (MINIMUM WAGE VIOLATION AGAINST DEFENDANTS)

5. This action arises under the law of the United States.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§

201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". In Florida, as of May, 2005, the minimum wage was raised to $6.15/hr as per the Florida Constitution and then again to $6.67. 29 CFR 552.102 requires that the minimum wage be paid to domestic live in workers. Plaintiff's minimum wage claims are made pursuant to the Florida Constitution and the Fair Labor Standards Act.

8. This case is for minimum wages only.

9.  The  Plaintiff  was a  live in domestic service employee for the Defendant and was assigned duties of housecleaning . Plaintiff worked for the Defendant for approximately 2 months from on or about 04/15/08 to on or about 06/20/08. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period substantially.  Plaintiff's work for the Defendant  affected interstate commerce for the relevant time period because the materials that he used or the cars that he parked on a constant and/or continual basis and/or that were supplied to her by the Defendant  to use on the job moved through interstate commerce prior to and/or subsequent to  Plaintiff's use of the same.  Plaintiff's work for the Defendant  was actually in and/or so closely related to the movement of commerce while she worked for the Defendant  that the Fair Labor Standards Act applies to  Plaintiff's work for the Defendant . The Defendant , on information and belief, grossed more than  $500,000 annually for the relevant time period.

10. Plaintiff worked an average of 102 hours per week and was paid an average of $3.92/hr. by the Defendant for her work and was never paid the correct minimum wage by the Defendant.

11. The Defendant's payment of $3.92/hr. to the Plaintiff does not meet the Florida Minimum Wage Requirement and does not meet the Federal Minimum Wage requirement either.

12. The Defendants willfully and intentionally refused to pay Plaintiff the minimum wages as required by the law of the United States and Florida as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as stated above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendant , pursuant to the Fair Labor Standards Act and the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a **trial by jury**.

Respectfully submitted,

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**300 71st STREET #605**
**MIAMI BEACH, FLORIDA 33141**
**305-865-6766**
**F.B.N. 0010121**

BY: _____

**J.H. ZIDELL**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Elvia Real

**DEFENDANTS**

Michael Serruya, Orna Serruya

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J.H. Zidell, P.A.
ATTORNEYS AT LAW
300 SEVENTY-FIRST STREET,
SUITE #605
MIAMI BEACH, FL 33141

305 865 6766

ATTORNEYS (IF KNOWN)

(I) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

1:08 CV 21862 - Altonaga - Brown

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
  HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC 201-216

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 6/26/08

SIGNATURE OF ATTORNEY OF RECORD   JHZ

FOR OFFICE USE ONLY

RECEIPT #   AMOUNT 380.00   APPLYING IFP   JUDGE   MAG. JUDGE

543547